UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDYN WILLIAM GAYLER,

    Petitioner,

vs.

WARDEN NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-00972-APG-CWH

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Petitioner has paid the filing fee in this case. Before me are the petition, a motion to file excess pages of the petition, motions to supplement, and a motion for the appointment of counsel.

    Initially, I address the following clerical matter: In petitioner's civil rights case, Case No. 2:14-cv-00769-APG-CWH, at Dkt. #52, in a motion for me to take judicial notice, petitioner explains that his motion to supplement, filed at Dkt. #50 in that case, should have been filed in his 2015 habeas case instead of in his civil rights case. Petitioner explains that he could not recall the case number of his habeas case and asks that I have the motion to supplement filed in his 2015 habeas case. It appears that petitioner's reference to his 2015 habeas case is a reference to this case. Good cause appearing, I will direct the Clerk of Court to remove the motion to supplement (Dkt. #50) from the civil rights case and file that motion in this case.

    I have reviewed the petition and its attachments. I note that the petition has ten grounds for relief and is 162 pages in length. (Dkt. #1, at pp. 1-110 and Dkt. #1-1, at pp. 1-52). Attached to the petition are exhibits that appear to comprise much of the state court record. (Dkt. #1-1, at pp. 53-

110; Dkt. #1-2, at pp. 1-103).[1] Petitioner's signature and verification appear on Dkt. #1-2, at pp. 105-106. Concurrent with the filing of the petition, petitioner filed a motion for leave to include pages in excess of what is allowed by the habeas corpus form. (Dkt. #3). Although I do not encourage lengthy pleadings, the interests of justice are best served by granting petitioner's motion for leave to file excess pages of the petition. Respondents will be served with the petition and respondents shall file a response, as set forth at the conclusion of this order.

Petitioner has filed two motions to supplement the petition in this case. (Dkt. #4 & #5). Petitioner's motions contain additional arguments and exhibits to specific grounds of the petition. (*Id.*). Additionally, in a third motion to supplement that will be transferred to the instant case, petitioner adds argument concerning Grounds 1-5, as well as a copy of a Nevada Supreme Court order filed September 11, 2015 relevant to his claims. (Dkt. #50 in Case No. 2:14-cv-00769-APG-CWH). In the interests of justice, petitioner's motions to supplement the petition are granted. However, I caution petitioner that filing additional supplements would be inappropriate, as the state court proceedings concerning petitioner's claims have concluded.

Petitioner has filed a motion for the appointment of counsel. (Dkt. #2). Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation in a habeas corpus case. Petitioner has no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is within the Court's discretion. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition and supplements on file in this action are sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. Counsel is not justified in this instance. Petitioner's motion for the appointment of counsel is denied.

---

[1] Petitioner is informed that pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, it is respondents' duty to file all relevant portions of the state court record.

IT IS THEREFORE ORDERED that the Clerk of Court **SHALL REMOVE** the motion to supplement (Dkt. #50) from the record in petitioner's civil rights case at Case No. 2:14-cv-00769-APG-CWH and **SHALL FILE** the motion to supplement in this case.

IT IS FURTHER ORDERED that petitioner's motion for leave to file excess pages of the petition **(Dkt. #3) is GRANTED.**

IT IS FURTHER ORDERED that petitioner's motions to supplement the petition **(Dkt. #4 & #5) are GRANTED.** Furthermore, the **motion to supplement that will be transferred to the instant case (discussed above) is GRANTED.**

IT IS FURTHER ORDERED that petitioner's motion for the appointment of counsel **(Dkt. #2) is DENIED.**

IT IS FURTHER ORDERED that the Clerk of Court **SHALL ELECTRONICALLY SERVE** the petition and supplements upon the respondents. The Clerk of Court **SHALL ADD** Attorney General Adam Paul Laxalt to the CM/ECF docket sheet.

IT IS FURTHER ORDERED that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition and supplements. In their answer or other response, respondents shall address all claims presented in the petition and supplements. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

IT IS FURTHER ORDERED that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** Division of the Clerk of Court.

IT IS FURTHER ORDERED that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for

consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

Dated this 26th day of October, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE