UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDYN WILLIAM GAYLER,

*Petitioner*,

vs.

NEVEN, *et al.*,

*Respondents*.

Case No. 2:15-cv-00972-APG-CWH

**ORDER**

This habeas matter under 28 U.S.C. § 2254 is before the Court on respondents' motion (ECF No. 12) to dismiss.

Respondents seek dismissal on, *inter alia*, the ground that the petition is untimely. In this regard, the motion is based in part on the premise that there was no timely and properly filed state petition for post-conviction or other collateral review pending after February 23, 2015, through to the constructive filing of the federal petition on or about April 19, 2015. The pendency of such a petition or application during this time period potentially would provide a basis for statutory tolling under 28 U.S.C. § 2244(d)(2). Preliminary review reflects that, without statutory tolling during this period, the federal one-year limitation period potentially expired on or about Monday, April 6, 2015, absent a basis for equitable tolling or delayed accrual.

Petitioner filed a petition for a writ of mandamus in the state district court on September 25, 2014. The petition requests that another named state district court judge issue a writ of mandamus to the presiding district judge in petitioner's case directing him to vacate the judgment of conviction in his case as a void judgment. See ECF No. 17, Ex. 126.

The Court has been unable to discern the disposition, if any, of the petition for a writ of mandamus from either the state court record materials currently on file in this matter or a review of the state district court's online docket sheet.

The Court therefore will direct that respondents file a supplement to the motion to dismiss addressing the disposition and/or status of the petition for a writ of mandamus and the significance, if any, of the pendency of the petition for a writ of mandamus to the timeliness analysis under 28 U.S.C. § 2244(d) in this matter.[1]  Petitioner will be allowed an opportunity to respond to the supplement, and respondents thereafter will have an opportunity to file a reply.

The Court is seeking to resolve the motion to dismiss as promptly as its overall docket permits. Accordingly, requests for extension of time and/or for further briefing – as to length, additional serial briefing or otherwise – beyond that allowed under this order will not be granted absent compelling circumstances.

**IT THEREFORE IS ORDERED** that, within **twenty-one (21) days** of entry of this order, respondents shall file a supplemental memorandum on the motion to dismiss addressing: (a) the disposition and/or status of the petition for a writ of mandamus filed in the state district court on September 25, 2014; and (b) the significance, if any, of the pendency of the petition for a writ of mandamus to the timeliness analysis under 28 U.S.C. § 2244(d) in this matter.  Respondents shall file supplemental exhibits with the memorandum if there are any additional state court filings pertaining to the mandamus petition that are not currently reflected in the federal record.  Unless the exhibits are voluminous, no hard copy of any such supplemental exhibits need be forwarded to staff.

**IT FURTHER IS ORDERED** that petitioner may dispatch a response **of no more than twenty (20) pages length, including all exhibits and attachments**, to the Clerk within **twenty-one (21) days** of service of the supplemental memorandum.

---

[1] *Cf. Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002)(key inquiry as to whether mandamus petition filed in the state district court constituted a "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2) was whether the petition sought review of the judgment of conviction); *Blair v. Crawford*, 275 F.3d 1156, 1158-59 (9th Cir. 2002)(original petition for an extraordinary writ filed in the state supreme court constituted a properly filed application for state post-conviction or other collateral review).  *See also Day v. McDonough*, 547 U.S. 198, 209 (2006)(while a district court has no obligation to develop potential points for either petitioner or respondents, no rule commands the court to ignore a possible error in the calculation of the federal limitation period).

**IT FURTHER IS ORDERED** that respondents may file a reply within **fourteen (14) days** of service of the response.

The Court notes that a separate order is being issued approximately contemporaneously with this order addressing other pending motions in the case.

DATED: December 20, 2016.

_____
ANDREW P. GORDON
United States District Judge