UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDYN WILLIAM GAYLER,

    *Petitioner*,

vs.

NEVEN, *et al.*,

    *Respondents*.

Case No. 2:15-cv-00972-APG-CWH

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on all currently pending motions, which are described further herein, other than the pending motion (ECF No. 12) to dismiss.

### *Motion for Leave to Add Excess Pages*

Petitioner's motion (ECF No. 19) for leave to add excess pages to his response to the motion to dismiss will be granted at this point simply as a matter of expediency, subject to the following qualifications. From a preliminary review, it does not appear that a 98-page memorandum was required to respond to the issues raised in the motion to dismiss. Petitioner is informed that if he continues to file overly lengthy and prolix papers in this matter, he potentially may be designated as a restricted filer who can file papers in excess of a given length only with leave of court first obtained. Further, grant of the motion for leave to file the current lengthy response does not signify that any claims and/or factual allegations contained therein that are not presented in the pleadings in this matter now are before the Court. A petitioner may not use a reply to an answer or other post-pleading filing to raise additional claims and allegations that are not included in the federal petition. *E.g., Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

Following upon petitioner's abandonment of the claims in his response to the motion to dismiss, Grounds 1 and 8 will be dismissed without prejudice to consideration of the allegations in connection with petitioner's arguments on procedural issues such as timeliness and exhaustion or the relief appropriate on other grounds. See ECF No. 18, at (electronic docketing page) 26; ECF No. 18-1 at 35.

### Motion to Strike

Respondents' motion (ECF No. 25) to strike petitioner's surreply to the respondents' reply in support of the motion to dismiss will be granted. Basically, the party that files a motion gets the last word on the motion. Local Rule LR 7-2 thus limits briefing on a motion to a supporting memorandum of points and authorities, a response by the adverse party, and a reply by the movant. Local Rule LR 7-2(b) further specifically provides in pertinent part: "Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." Petitioner did not obtain leave of court to file a surreply. Petitioner's *pro se* status does not exempt him from compliance with procedural rules, including the local rules. The motion to strike therefore will be granted.

### Motion for Leave to Deny Motion to Dismiss

Petitioner's motion (ECF No. 26) for leave to deny respondents' motion to dismiss will be denied and further also will be stricken. The motion merely represents yet another attempt by petitioner to present argument on the motion to dismiss subsequent to his opposition. The local rules provide in pertinent part:

> Supplementation prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court.

Local Rule LR 7-2(g). The motion is a prohibited supplemental filing submitted in opposition to the motion to dismiss that was filed without leave of court.[1] It will be stricken.

### Motion for Leave to Take Judicial Notice and Impose Sanctions

Petitioner's motion (ECF No. 30) for leave to take judicial notice and impose sanctions will be denied.

---

[1] Although styled as a "motion for leave," the motion did not in fact seek leave to file a proposed supplemental filing.

Petitioner requests that the Court take judicial notice of the state supreme court's directive in *Huebner v. State*, 107 Nev. 328, 810 P.2d 1209 (1991), to state district court clerks "to stamp clearly the actual date of receipt on each and every document submitted for filing, whether submitted by an attorney or by an individual attempting to proceed in proper person, and whether or not the document is actually filed." Petitioner maintains that the state district court clerk in his criminal case in some manner did not comply with this directive with respect to two filings styled as amended judgments of conviction in this matter.

While the Court may take judicial notice of available federal and state court records in other cases, the content of a published court decision is not a matter that requires or is appropriate for judicial notice. Whether or not the state court clerk failed to comply with the directive in *Huebner* – on a filing other than a filing "submitted by an attorney or . . . an individual attempting to proceed in proper person" – is a legal determination that also is not a matter that is subject to judicial notice. The Court expresses no opinion as to whether or not the state district court clerk failed to comply with the state supreme court's directive in *Huebner* with respect to the two filings. The Court further expresses no opinion at this prelminary juncture as to whether any such alleged compliance or noncompliance in truth is relevant to a material issue in this case.

The Court will not be imposing sanctions on the state district court clerk for any alleged noncompliance with the state supreme court's directive. The Court's jurisdiction under 28 U.S.C. § 2254(a) extends solely to a determination as to whether petitioner is in custody in violation of the Constitution and to the grant of relief necessary to remedy such a violation. That limited jurisdiction does not give the federal district court general supervisory authority over the coequal state courts and their court clerks. The motion seeks to have this court exercise a supervisory authority over the state district court's clerk that is reserved exclusively to the Supreme Court of Nevada and the state district court in accordance with its directives.

The current motion at bottom constitutes merely another attempt to present serial argument, *inter alia*, in opposition to the motion to dismiss.

Petitioner's motion will be denied.

/ / / /

### *Motions Seeking Relief under Rule 60*

Petitioner's motion (ECF No. 32) for leave to file motion for relief from judgment, motion (ECF No. 33) for leave to stay and hold the foregoing motion in abeyance, motion (ECF No. 40) for leave to supplement the principal motion, and second motion (ECF No. 41) for leave to supplement the principal motion all will be denied.

In the principal motion, petitioner seeks to set aside the state court judgment of conviction under Rule 60(b) and (d) of the Federal Rules of Civil Procedure. This request for relief is fundamentally flawed. Rule 60 establishes a procedure for seeking relief from a *federal* judgment via a motion *filed in the same federal action* after entry of a final judgment in that action. A party may not challenge a state court judgment via a Rule 60 motion filed in a federal action. The exclusive means, in particular, for a state prisoner to challenge a state court judgment of conviction is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The reference to an independent action in Rule 60(d) is not addressed to the present context and does not signify that an independent action to challenge a state court conviction is available in federal court separate and apart from a habeas petition – much less in a purported Rule 60 "independent action" filed *within* a habeas action. A properly filed habeas petition is the sole means through which petitioner potentially can challenge his custody herein.

The principal motion, and all of the motions seeking collateral relief with regard to the principal motion, therefore will be denied. The motions once again present merely yet another attempt by petitioner to argue his case through serial filings. To the extent that the flawed motions seek to present any claims and/or factual allegations that are not properly before the Court on the pleadings in this matter, those claims and allegations still are not before the Court. *See, e.g., Cacoperdes, supra.* The motions will be completely disregarded in determining what claims and allegations are properly before the Court.

### *Motion for Appointment of Counsel and Expert Witness*

Petitioner's motion (ECF No. 34) seeking leave to appoint counsel and expert witness will be denied. The present motion is petitioner's third motion for appointment of counsel. The Court assumes petitioner's prerequisite financial eligibility for such discretionary appointment *arguendo* in the following discussion. His accompanying pauper application is discussed separately *infra*.

The Court denied a motion for appointment of counsel at the beginning of the case, finding that the interests of justice did not require the appointment of counsel pursuant to 18 U.S.C. § 3006A(2)(B). The Court found specifically that the issues in the case were not complex and that petitioner's papers presented his claims with sufficient clarity. See ECF No. 7, at 2. See also ECF No. 45.

In the present motion, petitioner urges that appointment of both counsel and an expert witness is warranted to pursue discovery on the Rule 60 motions discussed in the preceding section of this order. As discussed above, there is no viable Rule 60 motion proceeding that can be pursued within a federal habeas action to challenge a state court judgment of conviction in lieu of proceedings on the underlying habeas petition. The filing of such a flawed motion therefore does not provide a viable basis for appointment of counsel or an expert.

Nor is such appointment warranted with respect to any claim, defense, or issue presented in connection with the pleadings before the Court, including petitioner's equitable tolling arguments.

Petitioner seeks appointment of counsel and an expert witness to establish that a September 26, 2012, state district court order styled as an order for revocation of probation and amended judgment of conviction was a fraudulently-filed document. See ECF No. 13, Ex. 28. He maintains that an expert witness is needed to examine sundry alleged discrepancies between the electronic filing indicia on the September 26, 2012, judgment and what allegedly instead is required by the state district court's electronic filing protocols. Petitioner urges that these alleged discrepancies will confirm that the judgment is a fraudulent document. Petitioner maintains that the September 26, 2012, judgment was filed fraudulently "to prevent the non-existing original judgment of conviction from becoming known to the Defendant, so he would not present claims arising from the lack of the filing of the Original Judgment of Conviction, which 'frustrated and impeded' his access to the courts for redress." ECF No. 32, at 2-3.[2] He alleges, in the motion, that the alleged fraudulent filing of the September 26, 2012, judgment denied him rights to seek redress of grievances and to due process in violation of the First, Fifth, and Fourteenth Amendments.

---

[2] It is undisputed that an original judgment of conviction was not filed following petitioner's August 4, 2011, sentencing following a guilty plea. See, e.g., ECF No. 16, Ex. 119, at n.2 (July 22, 2014, order of affirmance). Petitioner's sentence initially was suspended and he was placed on probation, which was revoked in September 2012.

1    Under petitioner's alleged factual scenario, the September 26, 2012, judgment was "fabricated"
2    by Department 20 of the state district court, which placed a departmental "received" stamp on the
3    document to make it appear that it had been stamped "received" by the clerk. According to petitioner,
4    after engaging in this purported subterfuge to suggest receipt by the clerk, the court department then
5    nonetheless transmitted the document to the clerk's office, which then "fraudulently" electronically file-
6    stamped the document and placed it on the docket sheet. According to petitioner, the clerk then did not
7    image the document into the electronic docketing system but instead delivered the original and only
8    copy of the September 26, 2012, judgment to the Nevada Department of Corrections (NDOC) officers
9    who were transporting petitioner to prison. Petitioner maintains that the judgment thereafter was not
10   actually on file with the state district clerk but instead was present only in NDOC's files. He urges that
11   it remained there until respondents allegedly recovered the judgment from NDOC and provided a copy
12   to petitioner on January 28, 2016, after this Court ordered respondents to file the complete record in
13   this matter. He maintains that the attorney general's office thereafter forwarded a copy to the state
14   court clerk at some point between January 28, 2016, and April 21, 2016. ECF No. 32, at 5-12.[3]

15   Appointment of counsel and an expert witness is not warranted to pursue such a pointless
16   inquiry. A district court and its clerk clearly have no need to use allegedly misleading "received"
17   stamps, "fraudulent" electronic filing stamps, and the like with regard to the filing of a judgment. The
18   court and clerk have the full authority respectively to issue and direct the filing of the judgment and to
19   file-stamp and file the judgment, without any fraud whatsoever needed to do so. Nor would a

---

[3] Petitioner suggests in the course of this scenario that the judgment was produced only after he alerted this Court to the absence of the judgment in a motion for discovery and the Court then ordered respondents to file a complete copy of the record. ECF No. 32, at 11. That is not what happened. The Court issued its standard order directing a response from respondents, which in pertinent part included a directive to comply with Habeas Rule 5, which pertains to, *inter alia*, the filing of copies of state court record materials. The Court did not order the filing of a complete record, and it did not issue any directive based upon being "alerted" to the alleged absence of the September 26, 2012, judgment in the state court record. Rather, respondents filed copies of state court record exhibits with their motion to dismiss that were relevant to that motion and/or the ultimate disposition of the case, including Exhibit 28. This filing was consistent with longstanding practice pursuant to which respondents file copies of the portions of the state court record that are pertinent to disposition of the claims, defenses, and issues in a federal habeas case.

Petitioner's reference in his scenario to circumstances allegedly occurring in this federal action that clearly did not occur merely emphasizes the divergence between petitioner's fanciful scenario and any plausible conception of actual fact.

"fraudulent" filing or non-filing as described in petitioner's fanciful scenario accomplish the end for which he alleges that it was done. The absence of an original judgment of conviction would be apparent to anyone who examined the state court record – including petitioner's counsel at the time[4] – notwithstanding whatever allegedly was done or not done with respect to the September 26, 2012, judgment. That judgment, or the alleged lack thereof, could effectively conceal nothing.

The Court expresses no opinion as to whether all of the claims and allegations referred to in petitioner's Rule 60 motion are presented in the pleadings in this case. The Court further expresses no opinion as to whether any such claims are timely, exhausted, and not procedurally defaulted.[5]

But the Court will not appoint counsel and an expert witness for such a pointless exercise. The motion for counsel therefore will be denied.[6]

/ / / /

---

[4]Counsel represented petitioner from the initial justice court proceedings forward. He was represented by counsel at the September 18, 2012, revocation hearing and thereafter – subsequent to the September 26, 2012, filed or purportedly non-filed judgment – on a motion to reconsider the revocation of probation that was pursued through to a dismissed appeal in the Supreme Court of Nevada. Over and above the fact that petitioner previously could have reviewed the state court record while he was out of physical custody on probation, he had counsel that could review the record at any point from the August 4, 2011, sentencing through to his *pro se* motion to withdraw counsel after the conclusion of the appeal on May 6, 2013. See ECF Nos. 13 & 14, Exhs. 10-49.

[5]If any such claims and allegations were properly presented to this Court on the pleadings following a decision on the merits by the state courts, review under 28 U.S.C. § 2254(d) then would be restricted at least initially to the record before the state courts, *i.e.,* with no further factual development, such as via expert testimony, in federal court. *See Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). For the reasons discussed in the text, the Court further does not find that there is a reasonable basis to conclude that the inquiry sought would provide a viable basis for equitable tolling.

[6]While the Court does not wish to feed further into strained poring over nuances of filed documents, the Court would note that: (1) the September 26, 2012, judgment is not the only copy of a state court record document on file that has black borders on the edges, which petitioner suggests means that the judgment instead was copied from NDOC files (see, e.g., ECF No. 13, Ex. 18); and (2) other filed-stamped documents also lack a "received" stamp by the clerk's office (see, e.g., ECF No. 13, Ex. 15). Moreover, the absence of headers and other indicia that would indicate that the district attorney's office had prepared a proposed order does not connote fraud. A court has authority to prepare its own orders. Petitioner is not merely clutching at straws, he is seeing straws where they do not exist. The variances in documents that petitioner observes are just that, variances over time in the handling of a large number of different types of documents in a large state district court clerk's office, not indicia of fraud.

The Court further notes that in early 2014 the Supreme Court of Nevada called up the full record on appeal in Nos. 64980 and 65306 in that court. While this Court cannot view what was filed via the online docket, the State clearly cited by record-on-appeal page number to the location of the amended judgments in the state appellate record. See ECF No. 17, Ex. 129, at electronic docketing page 7. There is nothing other than fanciful conjecture supporting the notion that the September 26, 2012, judgment was not in the state district court record until early 2016.

### *Pauper Application*

Petitioner has paid the filing fee, and the Court is denying petitioner's third motion for appointment of counsel on grounds that do not turn on financial eligibility. The pauper application (ECF No. 35) therefore is unnecessary at this time. The application further is incomplete because petitioner did not attach all financial attachments required for a properly completed application. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner did not attach an inmate account statement for the past six months.

The Court accordingly will deny the pauper application without prejudice. Following upon the denial of petitioner's third motion for appointment of counsel on other grounds, another pauper application would be premature at this time. While it is possible that a need for pauper status may arise later in the case, the Court would prefer to address such an application at that later time, based upon then-current financial attachments, rather than at this stage in the case.

### *Second and Third Motions for Judicial Notice*

Petitioner's second and third motions (ECF Nos. 42 & 44) for judicial notice will be denied. The motions constitute yet further efforts by petitioner to present serial argument on petitioner's flawed Rule 60 motion. Judicial notice is neither required nor appropriate with regard to the content of exhibits or published opinions.

### *Remaining Proceedings in the Case*

By a separate order, the Court is directing respondents to file a supplement addressing a question raised by the Court with regard to the motion to dismiss. Petitioner will have an opportunity to file a – single – response of limited length to respondents' supplemental filing. Thereafter, if the case proceeds to the merits on one or more claims following the disposition of the motion to dismiss, then petitioner will have an opportunity to file a reply to any answer filed by respondents on the merits.

Other than that, absent a specific directive by the Court, there should be no occasion for petitioner to be filing any further papers in this matter. Any claims that remain before the Court after disposition of the motion to dismiss will be decided based upon respondents' answer and, if filed, petitioner's reply.

The governing rules do not permit petitioner to instead engage in serial presentation of argument in multiple repetitive filings. He can file a response to respondents' supplemental filing directed by the Court; and, later in the case, he can file a reply to an answer filed by respondents if and when the case reaches that point. That is it.

Moreover, the only claims and factual allegations that will be considered in this case will be those properly set forth in the pleadings. The pleadings in this case consist only of the original petition and supplemental pleadings filed with leave by this Court's October 26, 2015 order. See ECF No. 7. There are no other claims and factual allegations before the Court.[7]

If petitioner continues to present serial supplemental filings arguing his case in violation of, *inter alia*, Local Rule LR 7-2(g), the Court will take the steps necessary to assure that this case can be fairly adjudicated without unnecessary application of limited judicial resources. Such steps may include directing the Clerk to designate petitioner as a restricted filer and allowing petitioner to file papers in the first instance only with leave of court first obtained.

**IT THEREFORE IS ORDERED** that, following upon petitioner's abandonment of the claims in his response to the motion to dismiss, Grounds 1 and 8 are DISMISSED without prejudice to consideration of the allegations in connection with petitioner's arguments on procedural issues such as timeliness, exhaustion, and the relief appropriate on other grounds.

**IT FURTHER IS ORDERED** that the parties shall refer to original Grounds 2 through 7 and 9 through 10 by those original numbers.[8]

**IT FURTHER IS ORDERED** that petitioner's motion (ECF No. 19) for leave to add excess pages to his response to the motion to dismiss is GRANTED subject to the qualifications stated in this order.

---

[7]If petitioner were to seek leave to amend or supplement the pleadings at this late stage in this case, he would be required to affirmatively demonstrate in the motion for leave that amendment or supplementation would not be futile given, *inter alia*, the substantial likelihood that any such late-breaking claims and allegations would be time-barred, unexhausted, and/or procedurally defaulted. Absent leave granted following such an affirmative showing, the only claims and allegations before the Court are those in the pleadings filed prior to the October 26, 2015, order.

[8]Petitioner began referring in his response to the motion to dismiss to original Ground 2 as Ground 1 after he abandoned original Ground 1, and so on. Changing ground numbers over the course of a case just causes confusion. If a ground is dismissed, the parties shall continue to refer to the remaining grounds by their original ground numbers.

**IT FURTHER IS ORDERED** that respondents' motion (ECF No. 25) to strike is GRANTED and that ECF No. 23 shall be STRICKEN.

**IT FURTHER IS ORDERED** that petitioner's application (ECF No. 35) to proceed *in forma pauperis* is DENIED without prejudice.

**IT FURTHER IS ORDERED** that the remaining motions (ECF Nos. 26, 30, 32, 33, 34, 40, 41, 42 & 44) filed by petitioner are DENIED. The motion (ECF No. 26) for leave to deny respondents' motion to dismiss further shall be STRICKEN.

The Court notes that a separate order is being issued approximately contemporaneously with this order directing supplemental briefing on respondents' motion to dismiss.

DATED: December 20, 2016.

_____
ANDREW P. GORDON
United States District Judge