# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

BRANDYN WILLIAM GAYLER,

        *Petitioner*,

vs.

NEVEN, *et al.*,

        *Respondents*.

Case No. 2:15-cv-00972-APG-CWH

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on, *inter alia*, respondents' motion (ECF No. 12) to dismiss. Respondents seek dismissal on a number of grounds, including untimeliness under 28 U.S.C. § 2244(d).

### *Background*

Petitioner Brandyn Gayler seeks to set aside his Nevada state conviction, pursuant to a guilty plea, of attempt sexual assault.

On August 4, 2011, petitioner was sentenced to, *inter alia*, 72 to 240 months but the sentence was suspended for a fixed term of probation of five years. Pursuant to the prior plea agreement, if petitioner successfully completed and received an honorable discharge from probation, he would be able to withdraw his plea to the sexual offense and enter a plea of guilty to the nonsexual offense of coercion with credit for time served. (ECF Nos. 13-18 & 13-20; Exhibits 18 & 20.)

An original judgment of conviction was not filed following the August 4, 2011, sentencing. (E.g., ECF No. 16-24, at n.2; Exhibit 119.)

The State subsequently sought revocation of petitioner's probation. Following a hearing, the state district court issued an order styled as an order for revocation of probation and amended judgment of conviction, which was filed on September 26, 2012. (ECF Nos. 13-27 & 13-28; Exhibits 27 & 28.)

On October 18, 2012, petitioner, through counsel, filed a motion to reconsider revocation of probation. (ECF No. 13-30; Exhibit 30.) The motion was filed after the expiration of the time for filing

of a post-judgment motion that would toll the time for filing an appeal from the September 26, 2012, judgment.[1]

On January 10, 2013, a judgment styled as a second amended judgment of conviction was filed. The judgment reflected, *inter alia*, the original suspension of sentence and grant of probation, specific conditions of probation, and special sentence of lifetime supervision imposed at the sentencing. (ECF No. 14-3; Exhibit 34.)[2]

On January 24, 2013, the state district court held a hearing on the motion to reconsider revocation of probation and stated that the court would deny the motion. On February 7, 2013, the court issued a written order denying the motion. On February 12, 2013, petitioner, through counsel, filed a notice of appeal from the "District Court's decision rendered in this action, the 24th day of January, 2013." (ECF Nos. 14-4, 14-5 & 14-6; Exhibits 35, 36 & 37.)

The state supreme court dismissed the appeal on April 09, 2013, on the basis that the court had no jurisdiction over the appeal because no statute or court rule authorized an appeal from an order denying reconsideration. (ECF No. 14-16; Exhibit 47.)

On September 16, 2013, petitioner filed a state post-conviction petition. Proceedings were pending on the petition continuously through the January 16, 2015, issuance of the remittitur following the state supreme court's affirmance of the denial of relief. The state district court held that the petition was untimely. The state supreme court held that the petition was timely, however, because it was filed within one year of the filing of the first judgment of conviction filed in the case, the September 26, 2012, amended judgment of conviction. The state supreme court affirmed the denial of relief instead on the merits. (ECF Nos. 15-3, 15-23, 15-28, 16-25, 17-5 & 17-6; Exhibits 65, 85, 90, 119, 130 & 131.)

---

[1] Under Rule 4(a)(4) of the Nevada Rules of Appellate Procedure (NRAP), the timely filing of a motion listed therein will toll the time period for filing an appeal. The time period for filing all of the tolling motions listed in NRAP 4(a)(4) is ten days after service of written notice of entry of judgment. The Court expresses no opinion as to whether petitioner's motion to reconsider revocation of probation qualified as a tolling motion under NRAP 4(a)(4). The salient point is that the motion was not filed within the time period for any of the tolling motions listed in NRAP 4(a)(4) and therefore could not toll the appeal time regardless.

[2] See also ECF No. 13-13 (Exhibit 13), at 5-10 (minutes from the August 4, 2011, sentencing, as corrected on November 3, 2011). All page citations herein are to the CM/ECF generated electronic document page number in the page header, not to any page number in the original transcript or document, unless noted otherwise.

During the pendency of the above petition, petitioner filed a motion to correct illegal sentence and a motion to modify sentence. Proceedings on both motions were pending through the February 23, 2015, issuance of the remittitur following the state supreme court's affirmance of the denial of relief on the two motions. (ECF Nos. 15-21, 15-24, 16-10, 16-30, & 17-12; Exhibits 83, 86, 104, 124 & 137.)

There thus was a timely state post-conviction petition and/or other collateral review proceeding pending continuously from September 16, 2013, through February 23, 2015.

Given the disposition reached herein on the timeliness issue, the Court has no occasion to consider whether any other proceedings that were pending after February 23, 2015, constituted a properly filed state post-conviction or other collateral review proceeding.

The constructive filing date for the present federal proceeding is April 19, 2015.[3]

### *Discussion*

**Timeliness**

The Ninth Circuit's recent decision in *Smith v. Williams*, 2017 WL 3927193, No. 15-16967 (9th Cir., Sept. 8, 2017), is dispositive of the timeliness issue in this case. *Smith* holds that the federal limitation period under 28 U.S.C. § 2244(d)(1)(A) runs from the most recent amended judgment of conviction in the state district court. Accordingly, the federal limitation period did not begin to run as to the current federal petition until after the time period for taking a direct appeal expired following the January 10, 2013, judgment styled as a second amended judgment of conviction. That thirty-day period expired on Monday, February 11, 2013. After 216 days had elapsed,[4] petitioner filed a timely state post-conviction petition on September 16, 2013. The federal limitation period thereafter was statutorily

---

[3]The April 19, 2015, date relied upon by respondents appears to be the date that petitioner mailed the petition for filing in No. 2:15-cv-00740-JAD-PAL. That action was dismissed without prejudice because the pauper application was deficient, and this action was filed promptly thereafter. No express finding was made in the prior action that a dismissal without prejudice would not adversely impact an analysis of the federal limitation period in a promptly filed new action. Given that the federal limitation period potentially – under one view of the law possible at that time – expired only approximately two weeks prior to petitioner's filing in the prior action, the April 19, 2015, mailing date in that action equitably should serve as the constructive filing date for this promptly-filed second action. *Cf. Smith v. Ratelle*, 323 F.3d 813, 818 (2003) (equitable tolling warranted where district court summarily dismissed prior timely mixed petition without affording the petitioner an opportunity to, *inter alia*, dismiss the unexhausted claims as an alternative to full dismissal). Respondents do not argue otherwise, and this action in any event is timely regardless.

[4]Contrary to respondents' general manner of calculation, neither the day that the appeal period expired nor the first day on which a later statutory tolling event started count against the federal limitation period.

tolled under 28 U.S.C. § 2244(d)(2) at the very least through February 23, 2015. Only 54 days elapsed between that latter date and the constructive filing of the federal petition on or about April 19, 2015. The maximum 270 days elapsed (*i.e.*, assuming *arguendo* no statutory tolling after February 23, 2015, and with *arguendo* no further equitable tolling or delayed accrual) constitutes less than a year. The petition is timely.[5]

This matter accordingly shall proceed forward as to the claims that remain before the Court following upon this order. Even if rehearing and/or *certiorari* review is sought as to the holding in *Smith*, the Court is not inclined to delay disposition of the present motion and this action based solely on the pendency of a petition for such relief. The Court intends to move this matter forward with as much dispatch as its docket and resources allow. In the event that the *Smith* panel opinion were to be vacated *pendente lite* by a grant of rehearing *en banc* or the Supreme Court were to grant a *certiorari* petition, respondents may seek at that time a stay of this matter with an administrative closure through the final resolution of the issue. Otherwise, however, *Smith* is binding precedent; and the Court intends to move forward in this matter based on that controlling precedent. The Court is endeavouring to resolve all aspects of this litigation if possible prior to this action's three-year anniversary, which will be here in relatively short order given the ordinary pace of litigation.

### *Remaining Issues on the Motion to Dismiss*

Petitioner's voluntary abandonment of Grounds 1 through 8 moots most of the remaining issues on the motion to dismiss.[6] In the issues that remain, respondents contend that: (a) Ground 9 is conclusory; (b) Ground 10(d) is not cognizable; and (c) an alleged Ground 11 is unexhausted.

The Court is not persuaded that Ground 9 is subject to dismissal, with leave to amend, as conclusory. In Ground 9, petitioner alleges that the state district court violated his Eighth Amendment right (apparently to be free from cruel and unusual punishment) when it sentenced him to a punishment that was gross, excessive and disproportionate to the crime. He alleges in particular that the state

---

[5]The Court is cognizant of respondents' argument relying upon Nevada law that instead commences the state limitation period solely from the original judgment. See ECF No. 12, at 6-7. The issue is a federal law issue, however.

[6]See ECF No. 47, at 2 & 9.

-4-

district court engaged in vindictive sentencing when it sentenced him to a longer underlying sentence when it initially ordered probation than it would have if it instead had sentenced him directly to an immediate prison sentence, in order to give him an incentive to not violate the conditions of his probation. Petitioner has stated the specifics of his claim adequately enough to proceed further without the need for amendment.

The Court is not persuaded that Ground 10(d) is not cognizable in federal habeas corpus on the basis that it alleges only state law violations. In Ground 10(d) (as subdivided by respondents), petitioner alleges that he was denied due process of law in violation of the Fourteenth Amendment because his parole revocation was not based upon verified facts, the revocation hearing was not heard by a neutral and detached magistrate, he did not have an opportunity to confront his accuser, and multiple hearsay testimony was considered during the hearing. Respondents contend that petitioner is not entitled to relief under the Due Process Clause based on these allegations and that he therefore presents only state law claims. Respondents confuse the issue of whether a ground states a federal or state law claim with the issue of whether a claim is meritorious. Petitioner seeks relief under the Fourteenth Amendment's Due Process Clause. If he is not entitled to relief under the Fourteenth Amendment on the allegations and record presented, that matter will be addressed on the merits.

Respondents challenge the exhaustion of an alleged Ground 11. Respondents maintain that in alleged Ground 11 petitioner alleges that his right to due process was violated because he did not receive fair warning of what conduct might result in revocation prior to his probation being revoked. Petitioner responds that "[t]his ground does not exist." (ECF No. 18, at 6.) If petitioner does not regard such a claim as being presented by his voluminous and multifaceted pleadings, far be it for the Court to insist that such a claim is presented and adjudicate defenses as to such a claim. There accordingly is no claim before the Court alleging that petitioner's right to due process was violated because he did not receive fair warning of what conduct might result in revocation prior to his probation being revoked.

**Second Pauper Application**

The Court stated as follows with regard to petitioner's prior pauper application:

> Petitioner has paid the filing fee, and the Court is denying petitioner's third motion for appointment of counsel on grounds that do not turn on financial eligibility. The pauper application (ECF No. 35)

therefore is unnecessary at this time. The application further is incomplete because petitioner did not attach all financial attachments required for a properly completed application. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner did not attach an inmate account statement for the past six months.

The Court accordingly will deny the pauper application without prejudice. Following upon the denial of petitioner's third motion for appointment of counsel on other grounds, another pauper application would be premature at this time. While it is possible that a need for pauper status may arise later in the case, the Court would prefer to address such an application at that later time, based upon then-current financial attachments, rather than at this stage in the case.

ECF No. 47, at 8.

Petitioner nonetheless filed another pauper application only two months later. The second pauper application is premature for the reasons previously stated and will be denied. Petitioner once again is cautioned that his continued filing of serial unnecessary and repetitive filings may result in, *inter alia*, restrictions being placed on his ability to file papers without prior approval first obtained. See ECF No. 47, at 8-9.

**IT THEREFORE IS ORDERED** that respondents' motion (ECF No. 12) to dismiss is **DENIED**, with the understanding that Grounds 1 through 8 have been abandoned and dismissed since the filing of the motion and that there is no Ground 11 regarded as being before the Court.

**IT FURTHER IS ORDERED** that respondents shall file an answer to the grounds that remain within **sixty (60) days** of entry of this order.

**IT FURTHER IS ORDERED** that petitioner shall have **sixty (60) days** from service of the answer within which to file a reply to the answer.

**IT FURTHER IS ORDERED** that petitioner's second application (ECF No. 51) to proceed *in forma pauperis* is **DENIED** without prejudice.

**IT FURTHER IS ORDERED** that the Clerk of Court shall attach a copy of ECF No. 62 from *Taniko Smith v. Brian E. Williams, Sr.*, No. 2:12-cv-00952-APG-VCF, as an either exhibit or attachment with this order, or otherwise in a manner consistent with the Clerk's current practice as to such matters, so that petitioner will have a copy of that recently issued Ninth Circuit opinion via service of this order. Respondents shall not treat petitioner's possession of this slip copy of the to-be-published

opinion in *Smith* as impermissible possession of another inmate's legal files under prison regulations as opposed to permissible possession of general research materials.

DATED: September 20, 2017.

_____
ANDREW P. GORDON
United States District Judge

FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANIKO C. SMITH,<br>   *Petitioner-Appellant*,<br><br>v.<br><br>BRIAN E. WILLIAMS, SR.; ATTORNEY<br>GENERAL OF THE STATE OF NEVADA,<br>   *Respondents-Appellees.* | No. 15-16967<br><br>D.C. No.<br>2:12-cv-00952-<br>APG-VCF<br><br><br>OPINION |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted June 8, 2017
Pasadena, California

Filed September 8, 2017

Before: Stephen Reinhardt and Alex Kozinski, Circuit
Judges, and Terrence Berg,[*] District Judge.

Opinion by Judge Reinhardt

---

[*] The Honorable Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel reversed the district court's judgment dismissing as untimely Taniko Smith's federal habeas corpus petition, and remanded for further proceedings, in a case in which the state trial court entered a Second Amended Judgment reinstating Smith's murder and attempted murder convictions after the Nevada Supreme Court reversed the state trial court's amended judgment overturning and vacating the convictions.

The panel held that Smith's federal petition challenging his conviction and sentence under the Second Amended Judgment was timely filed. The panel explained that "the judgment" in 28 U.S.C. § 2244(d)(1) can only refer to the state judgment pursuant to which the petitioner is being held, and that the statute of limitations must therefore run from the judgment pursuant to which the petitioner is being held. The panel observed that the Supreme Court reached the same conclusion when determining in *Magwood v. Patterson*, 561 U.S. 320 (2010), how to decide whether a petition challenging a prisoner's state conviction is second or successive. The panel wrote that it is of no moment that the Second Amended judgment reinstated counts on which Smith had originally been convicted rather than adding new counts of conviction.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Case 2:12-cv-00952-APG-VCF, Document 62, Filed 09/12/17, Page 3 of 11
Case: 15-99005, 09/08/2017, ID: 10578662, DktEntry: 52-1, Page 3 of 11

SMITH V. WILLIAMS 3

**COUNSEL**

Jonathan M. Kirshbaum (argued), Assistant Federal Public Defender; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Petitioner-Appellant.

Dennis C. Wilson (argued), Senior Deputy Attorney General; Adam Paul Laxalt, Attorney General; Office of the Attorney General, Las Vegas, Nevada; for Respondents-Appellees.

**OPINION**

REINHARDT, Circuit Judge:

**BACKGROUND**

Taniko Smith was convicted of first degree murder, attempted murder, two counts of robbery, and attempted robbery in a Nevada superior court on March 28, 1997. Following the conclusion of direct appeal, he filed a series of state and federal habeas petitions between 1999 and 2006, all of which were denied.[1] On January 31, 2007, Smith filed his third state habeas petition, arguing that under the Nevada Supreme Court's intervening decision in *Sharma v. State*, 56 P.3d 868 (Nev. 2002), the jury had not been properly instructed on the specific intent required to convict him of murder or attempted murder based on an aiding and abetting theory. The state trial court agreed, overturning and vacating

---

[1] Smith's first federal petition was denied without prejudice for failure to exhaust available state remedies. His two state petitions and his second and third federal petitions were all denied for being untimely.

Smith's convictions and sentences for first degree murder and attempted murder. It entered an amended judgment of conviction on August 21, 2007.

The Nevada Supreme Court reversed the state trial court in 2009, concluding that Smith's petition was untimely and that Smith had not shown good cause to excuse the procedural defect. It remanded the case to the trial court with instructions to reinstate Smith's murder and attempted murder convictions and sentences by entering a Second Amended Judgment of Conviction. On March 14, 2012, the state trial court entered the Second Amended Judgment, which reinstated the murder and attempted murder convictions and sentences.

On May 22, 2012, Smith filed pro se a federal habeas petition challenging his conviction and sentence under the Second Amended Judgment. The district court dismissed the petition as untimely, reasoning that the statute of limitations ran from the time of Smith's initial conviction in 1997 because the amended judgment created no new issues for petitioner to appeal. In part, the district court relied on *United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir. 2000), which held that an amended federal judgment of conviction doesn't become final for purposes of 28 U.S.C. § 2255(f) until the time for appealing the amended judgment has passed but limited its holding to cases in which the trial court "either partially or wholly reverse[s] a defendant's conviction or sentence, or both, and expressly remand[s] to the district court," stating that it need not reach a conclusion for cases that did not present the same procedural history. *Colvin*, 204 F.3d at 1225. The district court assumed that *Colvin*'s limited holding would apply to an amended *state* court judgment of conviction, which is controlled by 28 U.S.C.

§ 2241(d)(1)(A), and determined that the statute of limitations had never restarted because Smith's case was never reversed and expressly remanded to the state trial court. This assumption is incorrect for the reasons we will explain in this opinion.

**STANDARD OF REVIEW**

We review de novo a district court's dismissal of a habeas petition as untimely under AEDPA. *Stancle v. Clay*, 692 F.3d 948, 952–53 (9th Cir. 2012).

**DISCUSSION**

Under AEDPA, prisoners "in custody pursuant to the judgment of a State court" have a one-year statutory period to file a federal application for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This period generally runs, as it does in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

I.

Statutory interpretation "begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009).

Habeas relief for prisoners convicted under state law is governed by 28 U.S.C. § 2254, but the procedural rules governing § 2254 petitions are contained in 28 U.S.C. § 2244. The text of § 2244 establishes that the one-year statute-of-limitations period for state prisoners runs from the date on which the judgment pursuant to which the prisoner is being

held became final. The statute, by its terms, applies to "a person in custody *pursuant to the judgment* of a State court" and states that the statute of limitations runs from "the date on which *the judgment*" became final. *Id.* § 2244(d)(1) (emphasis added).[2] "The judgment" can only refer to the state judgment pursuant to which the petitioner is being held because that is the only judgment identified in the statute-of-limitations provision. Thus, the statute of limitations must

---

[2] The statute reads:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus *by a person in custody pursuant to the judgment of a State court.* The limitation period shall run from the latest of—
>
> (A) the date on which *the judgment* became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* (emphasis added).

SMITH V. WILLIAMS 7

run from the judgment pursuant to which the petitioner is being held.

The Supreme Court reached this same conclusion when determining how to decide whether a petition challenging a prisoner's state conviction is second or successive under AEDPA in *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010). There, the Court held that when a defendant is resentenced, he has received a new judgment that renders a new, numerically second petition "not 'second or successive'" because it is the first petition challenging the new judgment. *Id.* at 341–42. The Court concluded that the only relevant judgment for a habeas application is the one pursuant to which a prisoner may be incarcerated: "A § 2254 petitioner . . . 'seeks *invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement.'" *Id.* at 332 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005)); *see also id.* ("The reference to a state-court judgment in § 2254(b) is significant because the term 'application' cannot be defined in a vacuum."). Thus, whenever there is a new judgment by the state court, the procedural limitation on second or successive habeas petitions under AEDPA applies anew. As the Supreme Court held in *Magwood*, "[W]here . . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341–42 (citation omitted).

*Magwood* compels the conclusion that the judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated. *Magwood*'s analysis relied on the language of 28 U.S.C. § 2254(b)(1), in which Congress explicitly refers to "[a]n application for a writ of habeas corpus on behalf of a person in custody

Case: 12-15029, 09/12/2017, ID: 10573662, DktEntry: 62, Page 8 of 11
Case 2:12-cv-00095-APG-VCF Document 62 Filed 09/12/17 Page 8 of 11

pursuant to the judgment of a State court." *See* 561 U.S. at 333 ("The requirement of custody *pursuant to a state-court judgment* distinguishes § 2254 from other provisions authorizing relief from constitutional violations . . . ."). The section of AEDPA establishing the statute of limitations for prisoners convicted of a violation of state law uses identical statutory language to indicate that the relevant judgment is the one pursuant to which the petitioner is incarcerated. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). It is well-established that "[a] term appearing in several places in a statutory text is generally read the same way each time it appears." *Ratzlaf v. United States*, 510 U.S. 135, 143 (1994).

The state's argument that the statute of limitations runs from the *original* judgment rather than the new judgment is not only contrary to the language of § 2244(d)(1), but would also make cases interpreting AEDPA's "second or successive" bar irrelevant. That is because it is realistically most unlikely that a habeas petitioner would be able to file and litigate a first federal petition, have the judgment or sentence amended in state court, and file a new federal petition regarding the amended judgment all within one year of the original conviction. *See, e.g.*, *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012) (new, intervening judgment allowed petitioner to file a new federal petition twelve years after conviction became final). Moreover, it is foreclosed by common sense and an elementary understanding of the law we state above. If the Second Amended Judgment is the judgment pursuant to which the petitioner is being held, and the petitioner is entitled to file a federal habeas petition challenging that judgment, then it follows as the night the day

that the federal habeas petition must be filed within one year from the entry of that judgment.

II.

Accordingly, it is clear that Smith's federal petition was timely filed. After March 14, 2012, Smith was in custody pursuant to the Second Amended Judgment entered by the state trial court. The Nevada trial court appears to have clearly understood that such was the judgment that controlled his incarceration, as it titled its order a "Second Amended Judgment."[3]

It is of no moment that the Second Amended Judgment *reinstated* counts on which Smith had originally been convicted rather than adding *new* counts of conviction. In *Wentzell*, the court considered an amended judgment that had dismissed one of the counts of the judgment of conviction while leaving the other two counts untouched. 674 F.3d at 1125. Like the Second Amended Judgment here, the amended judgment in *Wentzell* did not add anything to the judgment that would give rise to a new claim by the petitioner. *See id.* at 1127. Nevertheless, we held that a new intervening judgment occurred because "a new, amended judgment was entered by the state trial court." *Id.* So too here: the state trial court entered an amended judgment. This

---

[3] What this order actually reinstated were convictions on two counts of the indictment and their respective sentences. Thus, the Nevada Supreme Court issued a *new* judgment that *reinstated* two claims. *See Magwood*, 561 U.S. at 334–35 (rejecting the state's invitation to treat a judgment as divisible); *Wentzell*, 674 F.3d at 1127 ("[W]e must interpret successive applications with respect to the judgment challenged and not with respect to particular components of that judgment." (quoting *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010))).

was a new judgment, starting a new one-year statute of limitations.

### III.

*United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000), relied on primarily by the state, is irrelevant to this case for two reasons. First, its holding has no application to habeas petitions brought by state prisoners. *Colvin* concerned 28 U.S.C. § 2255(f)—the portion of AEDPA concerning the statute of limitations for *federal* prisoners—and was about determining Congress's intent regarding an ambiguous portion of the statute: "when the 'judgment of conviction becomes final' for purposes of the statute of limitations under 28 U.S.C. § 2255." 204 F.3d at 1222.

Second, the opinion in *Colvin* in no way stands for the proposition it is cited for by the state that *only* cases that are reversed in part and expressly remanded begin a new statute-of-limitations period. To the contrary it expressly leaves that question open.[4]

---

[4] We explained:

> Our conclusion today does not affect those cases in which we affirm the judgment of conviction and sentence in its entirety and do not expressly remand to the district court. *We express no opinion as to when the statute of limitations begins to run in those cases*, and we leave for another day our decision on the issue presented by *Gendron*, *Kapral*, and *Burch*. Our holding is limited only to those cases in which we either partially or wholly reverse a defendant's conviction or sentence, or both, and expressly remand to the district court. In those cases, the judgment does not become final, and the statute of limitations does not begin to

IV.

Because we conclude that the Second Amended Judgment started a new one-year statute of limitations, Smith's petition in May 2012 was timely. We therefore have no occasion to decide whether Smith could overcome the time bar by proving actual innocence. There is no procedural hurdle to Smith's making his *Sharma* claim on the merits. If the district court rejects that claim on the merits, Smith will then have the opportunity to appeal that decision.

**CONCLUSION**

The district court's dismissal of the petition for habeas corpus as untimely is REVERSED, and the case is REMANDED to the district court for further proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**

---

    run, until the district court has entered an amended judgment and the time for appealing that judgment has passed.

*Id.* at 1225 (emphasis added).