**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRANDYN WILLIAM GAYLER,

          *Petitioner*,

vs.

NEVEN, *et al.*,

          *Respondents*.

Case No. 2:15-cv-00972-APG-CWH

**ORDER**

This habeas matter under 28 U.S.C. § 2254 having come before the Court on motions (ECF Nos. 53 and 54) for reconsideration or amendment of order filed by both respondents and petitioner.

The parties correctly note that the prior order (ECF No. 52) incorrectly stated that Grounds 1 through 8 had been abandoned and dismissed when instead only Grounds 1 and 8 had been abandoned and dismissed. The Court accordingly will grant the motions for reconsideration and reach a number of issues that were not addressed in the prior order on respondents' motion to dismiss.

***Exhaustion***

Respondents contend that Grounds 5, 6, and 7 are not fully exhausted.[1]

***Governing Law***

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which he relies and must also state the facts that entitle him to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the

---

[1] See also ECF No. 52, at 4-5 (disposition of exhaustion issue raised in motion to dismiss as to Ground 11).

operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), a petition presenting unexhausted claims must be dismissed unless the petitioner seeks other appropriate relief.

**Ground 5**

In Ground 5, petitioner alleges that he was denied a right to due process in violation of the Fifth and Fourteenth Amendments when the state district court allegedly was biased in all rulings subsequent to the court discovering that it had revoked his probation without an original judgment of conviction previously having been filed, in an alleged effort to cover up the prior failure to enter judgment. (ECF No. 1, at 89-92.)[2]

Respondents contend that Ground 5 was not fairly presented to the state supreme court because the state district court denied petitioner's motion to amend to add the claim and an order denying a motion to amend a state post-conviction petition is not appealable under Nevada practice. The Court is not sanguine that the cited Nevada authority and the authority relied upon therein establishes that the denial of a motion to amend is not reviewable on an appeal from a final judgment as opposed to establishing merely that a stand-alone denial order is not independently appealable. *See Means v. State*, 2010 WL 2396863, No. 56226 (Nev., July 15, 2010)(unpublished). In the present case, the state district court denied the motion to amend in the disposition paragraph but nonetheless rejected Ground Five as procedurally barred because it was untimely and successive, as it had held as to the petition itself. (ECF No. 17-23, at 11-12 & 17; Exhibit 148.)[3] The state supreme court affirmed the state district court's application of the state procedural bars on appeal. (ECF No. 17-28; Exhibit 153.)

Ground 5 accordingly is exhausted by the application of the state procedural bars.

---

[2]Petitioner placed the exhaustion inquiry page ahead of rather than behind his claims in the petition.

[3]Unless otherwise noted, all page citations herein are to the CM/ECF generated electronic document page number in the page header, not to any page number in the original document.

***Ground 6***

In Ground 6, petitioner alleges that he was denied a right to due process in violation of the Fifth and Fourteenth Amendments because he pled guilty unaware that there was no factual basis to either the original charges or to the charge to which he pled. (ECF No. 1, at 93-108.)

In order to fairly present and exhaust a federal claim in the state courts, a petitioner must present *both* the operative facts and the federal legal theory upon which the claim is based together in the claim presented in the state courts. *See, e.g., Castillo*, 399 F.3d at 999. As the *en banc* court recognized in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), basing a claim on different factual allegations in federal court potentially can render an otherwise exhausted legal claim unexhausted :

> . . . . A claim has not been fairly presented in state court if new factual allegations either "fundamentally alter the legal claim already considered by the state courts," *Vasquez* [*v. Hillery*,] 474 U.S. [254,] 260 [(1986)]; *Beaty* [*v. Stewart*,] 303 F.3d [975,] 989-90 [(9th Cir. 2002)], or "place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Aiken* [*v. Spalding*,] 841 F.2d[ 881,] 883 [(9th Cir. 1988)]; *accord Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir.1988).

740 F.3d at 1318.

The Court is persuaded that federal Ground 6 both fundamentally alters the claim instead presented to the state courts in state Ground 1 and further seeks to place the claim in a significantly different and stronger evidentiary posture than when petitioner presented state Ground 1 to the state courts.

In state Ground 1, petitioner alleged that he pled guilty to an attempted sexual assault charge that could not have occurred because the evidence reflected that he had sexual intercourse with the victim, albeit consensual sex under his version of the events. That is, he maintained that he could not have committed an attempt because an attempt by definition involved acting with intent to commit an offense but failing to accomplish it. (ECF No. 15-3, at 6-11; Exhibit 65.)

In federal Ground 6, in contrast, petitioner alleges that there was no factual basis to support any of the original charges and that there was no factual basis for the attempted sexual assault charge as opposed to instead a lesser offense of coercion. That is, he alleges that: (a) there was no factual basis, under any version of the events presented, for the multiple sexual assault charges, the first-degree

kidnapping charge, the charge of administration of a drug to aid the commission of a felony, and the charge of administration of a controlled substance to aid the commission of a crime of violence; and (b) there further was no factual basis for the attempted sexual assault offense to which he pled guilty, as the facts supported only a charge of coercion. (ECF No. 1, at 93-108.)

The federal ground fundamentally alters the state court claim. The federal ground further seeks to place the claim in a significantly different and stronger evidentiary posture. Petitioner now seeks to to establish that not only was there no factual basis for the reduced charge with reduced sentencing exposure to which he entered a plea but there further was no factual basis for any of the charges brought against him, as opposed to instead a charge only of coercion. Petitioner presents no nonconclusory argument to the contrary.

Ground 6 therefore is unexhausted. The entire petition must be dismissed unless petitioner either dismisses the unexhausted ground or seeks other appropriate relief, such as a stay to return to the state courts to exhaust the unexhausted claim.

***Ground 7***

In Ground 7, petitioner alleges that he was denied due process because his sentence was based upon materially untrue assumptions and mistakes of fact. (ECF No. 1, at 109-10 & ECF No. 1-1, at 1-25.) Respondents contend that Ground 7 is unexhausted in part.

The Court is persuaded that Ground 7 is unexhausted to the extent that petitioner claims that his sentence was based on allegedly erroneous information in the presentence investigation report. In state Ground 2, petitioner alleged that the state district court in truth did not rely on the presentence investigation report but instead imposed sentence based upon the allegedly suspect testimony of the victim at the sentencing hearing. Petitioner did not allege that the presentence investigation report contained any errors. (ECF No. 15-3, at 11-20; Exhibit 65.) In federal Ground 7, in contrast, petitioner alleges that the report contained a number of errors and that the state district court relied upon these alleged errors in imposing sentence. (ECF No. 1, at 109-10; ECF No. 1-1, at 1-25.) Petitioner's allegations in state and federal court are not wholly consistent with one another. Petitioner has both fundamentally altered the state claim and sought to place the claim on a stronger evidentiary footing in federal court. Petitioner does not present any nonconclusory argument to the contrary.

Ground 7 therefore is unexhausted to the extent that petitioner seeks to base the claim on alleged errors in the presentence investigation report. The entire petition must be dismissed unless petitioner either dismisses the unexhausted portion of the ground or seeks other appropriate relief, such as a stay to return to the state courts to exhaust the unexhausted claim.

### *Procedural Default*

Respondents contend that Grounds 2, 3, 4, 5 (if exhausted), and 7 (to the extent exhausted) are barred by procedural default. These grounds, to the extent exhausted, were raised in petitioner's second state post-conviction petition, which the state supreme court held was untimely and successive.

**Governing Law**

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law procedural ground. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred on claims rejected on an independent and adequate state law ground unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause, the petitioner must establish that some external and objective factor impeded his efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To demonstrate prejudice, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Carrier*, 477 U.S. at 494.

**Grounds 2, 3 and 5**

The Court considers the procedural default issue as to Grounds 2, 3 and 5 together because, as outlined further below, petitioner's ability to overcome the procedural default of Grounds 2 and 5 turns upon whether he can overcome the procedural default of Ground 3. If petitioner cannot overcome the procedural default of Ground 3, all three grounds will be procedurally defaulted.

In Ground 2, petitioner alleges that he was denied a right to due process in violation of the Fifth and Fourteenth Amendments because the state district court allegedly lacked jurisdiction to revoke his

probation and commit him to state custody without an original judgment of conviction existing at the time of the probation revocation hearing. (ECF No. 1, at 36-66.)

In Ground 3, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when defense counsel failed to verify that a judgment of conviction had been filed prior to advising petitioner to stipulate to the probation violations at the probation revocation proceeding. (ECF No. 1, at 67-73.)

In Ground 5, as noted previously, petitioner alleges that he was denied a right to due process in violation of the Fifth and Fourteenth Amendments when the state district court allegedly was biased in all rulings subsequent to the court discovering that it had revoked his probation without an original judgment of conviction previously having been filed, in an alleged effort to cover up the prior failure to enter judgment. (ECF No. 1, at 89-92.)

Relevant state court procedural background is set forth in the Court's prior order. (See ECF No. 52, at 1-3.) Petitioner raised Grounds 2, 3 and 5 for the first time in his second state petition. The state supreme court held that the second state petition was untimely because it was filed on April 11, 2014, more than a year after entry of the September 26, 2012, amended judgment of conviction that constituted the first judgment of conviction actually filed in the case. The court also held that the second petition constituted an abuse of writ because it sought to present new claims not raised in the prior petition.

Petitioner contends that he can establish cause for the failure to present the claim in his timely first state post-conviction petition filed on September 16, 2013, because he allegedly could not learn of the factual basis of the claim due to the State's alleged concealment of the absence of an original judgment in its filings on and after October 29, 2012. (See ECF No. 18, at 8-12.)[4]

The Court is not persuaded that petitioner can establish cause on this basis, or otherwise.

---

[4]Respondents correctly note that petitioner did not – at least separately – respond to their procedural default argument in his opposition to the motion to dismiss. The *pro se* petitioner, however, included cause-and-prejudice argument within his argument as to the timeliness of the federal petition. Given that *pro se* petitioners often confuse the standards applicable to overcome the untimeliness of a federal petition with those applicable to overcoming a state procedural default, the Court reads the *pro se* filing liberally as presenting argument directed also to the procedural default issue.

At the outset, petitioner was not in physical custody prior to his probation being revoked in September 2012. There is no indication in the record that his conditions of probation precluded him from reviewing the state court record and/or that he requested that his probation officer relax any such restrictions to permit him to do so.[5] Further, even when he was in custody or otherwise could not go physically to the courthouse, a request to the state district court clerk for a copy of the docket sheet would have revealed the absence of an original judgment of conviction. Petitioner could have determined the correct state of affairs at any time.

Moreover, even further to the point, petitioner was represented by retained counsel, both prior to and after the revocation of his probation, through June 27, 2013, which was three months prior to the filing of the first state petition. Nothing that the State said, whether in error or intentionally, as to the filing status of an original judgment of conviction could have prevented petitioner's retained counsel from reviewing the record (even if petitioner *arguendo* for some unstated reason could not obtain a copy of the docket sheet from the clerk) and determining the correct state of affairs at any time before counsel withdrew from representation. *Cf. Bonin v. Calderon*, 77 F.3d 1155, 1160 (9th Cir. 1996)(supporting facts were apparent from the record).

The State's alleged "concealment" – whether by ignorance or design – of that which was evident from a simple review of the state court record in this case thus does not establish cause, particularly for a represented party.

Ineffective assistance of trial counsel, however, can constitute cause to excuse a procedural default. *See Carrier,* 477 U.S. at 488-89. Petitioner's exhausted Ground 3 alleges that counsel provided ineffective assistance when counsel failed to verify that a judgment of conviction had been filed prior to advising petitioner to stipulate to the probation violations at the revocation proceeding.

In this regard, there is no general constitutional requirement for counsel for a probation revocation proceeding. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973). This particular proceeding,

---

[5]See also ECF No. 13-13, at 5-10; Exhibit 13 (corrected state court minutes reflecting petitioner's conditions of probation). Petitioner bears the burden of establishing a factual predicate for cause and prejudice in response to the motion to dismiss. His failure to do so does not give rise to a factual issue requiring further record development; it gives rise to a failure of proof by the party with the burden of articulation, production, and proof on the issue.

however, was held prior to entry of judgment; and the distinction arguably makes a difference vis-à-vis whether petitioner can rely upon alleged ineffective assistance of counsel as a potential basis for cause. Retained counsel did not terminate the representation after the August 2011 sentencing but instead continued to actively represent petitioner through the September 18, 2012, proceedings and entry of the actual first judgment of conviction in the case on September 26, 2012. (See ECF Nos. 13-20 through 13-28; Exhibits 20-29.) The state supreme court held that the failure to file an original judgment of conviction after the August 2011 sentencing did not deprive the district court of jurisdiction to later impose a sentence of imprisonment, on the basis that its oral pronouncement at sentencing was not final and could be modified at any time before a judgment in fact was filed. (ECF No. 16-30, at 1-2; Exhibit 124.) Petitioner's counsel during this period of time thus technically still was trial counsel because the original criminal proceeding had not yet been concluded by a judgment of conviction.

The claim of ineffective assistance of counsel, *qua* trial counsel, in Ground 3 thus potentially could provide a basis for cause and prejudice overcoming the procedural default of Grounds 2 and 5. For Ground 3 to be able to do so, however, Ground 3 itself must not be procedurally defaulted. *E.g., Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000).

Petitioner can establish cause under *Martinez v. Ryan*, 566 U.S. 1 (2012), as to the failure to raise Ground 3 in the first state petition because he was not represented in the district court in that proceeding. That does not end the inquiry, however. Petitioner additionally must demonstrate – in order to overcome the procedural default of Ground 3 – that the claim of ineffective assistance of trial counsel asserted therein is a substantial claim, *i.e.*, that the claim has some merit. *Martinez*, 566 U.S. at 14; *Runningeagle v. Ryan*, 825 F.3d 970, 982 (2016). The petitioner accordingly must make a substantial showing of a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. 825 F.3d at 982 & 983 n.14. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Petitioner cannot demonstrate that Ground 3 is a substantial claim. As noted above, the state supreme court held that the failure to file a judgment of conviction after the original sentencing did not deprive the district court of jurisdiction to later impose a sentence of imprisonment and enter judgment, on the basis that its oral pronouncement at sentencing was not final and could be modified at any time

before a judgment in fact was filed. (ECF No. 16-30, at 1-2; Exhibit 124.) The Supreme Court of Nevada is the final arbiter of Nevada state law, and its holding thus is the final word on that point.[6] Accordingly, if counsel had determined that a judgment of conviction had not been filed prior to advising petitioner to stipulate to probation violations at the proceeding, there is not a reasonable probability that such action would have had led to a different result. Under Nevada state law, the district court nonetheless still could modify the prior oral sentence. Ground 3 is not a substantial claim.

Petitioner thus cannot overcome the procedural default of Ground 3, and he therefore may not rely upon Ground 3 to overcome the procedural default of Grounds 2 and 5.

Grounds 2, 3 and 5 accordingly are procedurally defaulted.[7]

---

[6] Petitioner relies upon numerous federal criminal cases decided with reference to federal statutory law, such as *United States v. Levitt*, 799 F.2d 505, 507 (9th Cir. 1986). See, e.g., ECF No. 18, at 31-36. This reliance is misplaced because the cases are completely inapposite. Federal cases regarding what procedures must be followed with reference to federal statutory law have nothing to do with the Nevada state supreme court's application of Nevada state law. The Supreme Court of Nevada, not a federal court, is the final arbiter of Nevada state law, including as to a state district court's jurisdiction. The inapposite cases cited by petitioner do not establish that he was denied due process of law by the actions of the state district court with regard to resentencing and/or entry of judgment.

[7] The Court is not persuaded by petitioner's arguments based on: (a) equitable estoppel; (b) the original and/or amended judgments being allegedly null, void, and/or fraudulent; (c) the state district court not having jurisdiction; and/or (d) an alleged fundamental miscarriage of justice.

Vis-à-vis petitioner's equitable estoppel argument, the governing law instead as to procedural default is clear. To demonstrate cause, a petitioner must establish that some external factor impeded his efforts to comply with the state's procedural rule. The State could not conceal from petitioner and his retained counsel that which was apparent from a simple examination of the record. Equitable estoppel has no relevance to this issue, as petitioner must demonstrate cause and prejudice to overcome the procedural default of his claims.

With regard to petitioner's arguments directed to the judgments, the issue in demonstrating cause is not whether a judgment was subject to objection for alleged nullity, voidness, fraud, and/or lack of jurisdiction. The question instead is whether an external factor impeded the petitioner from raising a claim in that regard in a manner that complied with state procedural rules. There is no overarching exception to the procedural default doctrine wherein the fact that the underlying claim is based on alleged nullity, voidness, fraud, or lack of jurisdiction overcomes a procedural default even where a petitioner otherwise cannot demonstrate cause and prejudice. Gayler cites no apposite authority establishing to the contrary in this context.

Finally, petitioner's claim that the circumstances regarding the entry of judgment present a "fundamental miscarriage of justice" is unavailing. A petitioner cannot demonstrate a fundamental miscarriage of justice for purposes of the procedural default doctrine based on alleged procedural violations. *E.g., Johnson v. Knowles*, 541 F.3d 933 (9th Cir. 2008). Rather, he must demonstrate actual innocence under the standard in *Schlup v. Delo*, 513 U.S. 298 (1995). *Id.* Petitioner has not even attempted to shoulder this burden in his arguments on the motion to dismiss; and his arguments as to the merits of, *e.g.,* Ground 6 clearly do not satisfy the *Schlup* standard.

*Ground 4*

In Ground 4, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when substitute counsel retained after the probation revocation, and the first actual judgment of conviction, failed to: (a) file an appeal from the revocation of probation rather than merely filing a motion for reconsideration, which was not appealable; (b) notify petitioner of proceedings leading to the filing of a further amended judgment of conviction and challenge that judgment; and (c) pursue a state post-conviction petition. (ECF No. 1, at 74-88.)

Petitioner's arguments regarding his belated discovery that an original judgment of conviction had not been filed do not provide a basis for cause as to this ground. Alleged concealment of the nonexistence of an original judgment of conviction does not provide a basis for cause in the first instance for the reasons assigned as to Grounds 2, 3 and 5. Moreover, any lack of knowledge that an original judgment had not been filed would not prevent petitioner from knowing, when he filed his first state petition in proper person, that counsel had not filed an appeal that he allegedly hired counsel to file, had not notified him of the proceedings regarding a later amended judgment and had not challenged that judgment, and had not pursued (the very same) state petition that he allegedly had hired counsel to pursue. Petitioner thus has failed to demonstrate cause.

Ground 4 is procedurally defaulted.

*Ground 7*

In Ground 7, as also noted previously, petitioner alleges that he was denied a right to due process in violation of the Fifth and Fourteenth Amendments because his sentence was based upon materially untrue assumptions and mistakes of fact.

Petitioner presents no argument suggesting how an external and objective factor prevented him from raising this ground in his first state petition. His arguments regarding his belated discovery that an original judgment of conviction had not been filed prior to the probation revocation proceeding do not provide a basis for cause as to this ground.

Ground 7 is procedurally defaulted.

**IT THEREFORE IS ORDERED** that the motions (ECF Nos. 53 and 54) for reconsideration or amendment of order are **GRANTED** to the extent consistent with the remaining provisions herein.

**IT FURTHER IS ORDERED** that the Court's prior order (ECF No. 52) hereby is **MODIFIED** and **CORRECTED** to reflect at page 6, line 16, that "Grounds 1 and 8" rather than "Grounds 1 through 8" have been abandoned and dismissed.

**IT FURTHER IS ORDERED**, on reconsideration on respondents' prior motion (ECF No. 12) to dismiss, that the motion is further **GRANTED IN PART** and **DENIED IN PART** in the additional respects that: (a) the Court holds that Ground 6 and the portion of Ground 7 alleging errors in the presentence investigation report are unexhausted; and (b) Grounds 2, 3, 4, 5 and the exhausted portion of Ground 7 are **DISMISSED** with prejudice as procedurally defaulted.[8]

**IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for a partial dismissal only of Ground 6 and the portion of Ground 7 alleging errors in the presentence investigation report, and/or for other appropriate relief, such as a motion for a stay to return to state court to exhaust the unexhausted grounds. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion for dismissal of the unexhausted claims and/or for other appropriate relief is not timely filed.

Dated: December 22, 2017.

ANDREW P. GORDON
United States District Judge

---

[8]The Court will direct the filing of an answer after petitioner has sought appropriate relief with regard to the unexhausted claims, depending upon the outcome in that regard.

The Court has no occasion at this particular juncture to reach respondents' arguments also that: (a) Grounds 2 through 6 are not cognizable in federal habeas corpus as, *inter alia*, presenting only state law claims; (b) Ground 4(c) is conclusory; and (c) Ground 6 is barred by *Tollett v. Henderson*, 411 U.S. 258 (1973). The challenged grounds in all events either are not exhausted (Ground 6) or are procedurally defaulted (Grounds 2 through 5). The Court would note, however, that the fact that a petitioner ultimately may not prevail on the merits of a federal constitutional claim for one reason or another does not necessarily lead to a conclusion that the claim is not cognizable in the first instance.

To the extent that the Court has not expressly addressed petitioner's remaining subsidiary arguments, that does not signify that the Court has overlooked the arguments. The arguments do not lead to a different outcome on the issues presented and do not warrant further discussion than that set forth herein.