# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRANDYN WILLIAM GAYLER,

        *Petitioner*,

vs.

NEVEN, *et al.*,

        *Respondents*.

Case No. 2:15-cv-00972-APG-CWH

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (ECF No. 62) to voluntarily dismiss the petition and his application (ECF No. 63) for a certificate of appealability (COA). Petitioner additionally has filed a notice of appeal (ECF No. 64) seeking to appeal following upon his voluntary dismissal of the entire petition.

### *Background*

In its most recent order, the Court, *inter alia*: (a) held that Ground 6 and a portion of Ground 7 were unexhausted; (b) dismissed Grounds 2, 3, 4, 5 and the exhausted portion of Ground 7 with prejudice as procedurally defaulted; and (c) gave petitioner an opportunity to file a motion for dismissal without prejudice of the entire petition, for a partial dismissal of only the unexhausted grounds, and/or for other appropriate relief, such as a stay to return to state court to exhaust the unexhausted grounds. (ECF No. 61, at 11.)

In response, petitioner has filed the instant motion, application, and notice of appeal. Petitioner requests that the Court "dismiss the entire petition" – without specifying whether the dismissal sought is with or without prejudice – and grant a COA "because this Court's order, Dkt #61, is at the very least, debatable among jurists of reason, as erroneous." (ECF No. 62, at 1.) The accompanying COA application presents argument seeking to challenge the Court's prior interlocutory holdings that Ground 6 and a portion of Ground 7 are unexhausted and that Grounds 2, 3, 5 and the exhausted portion of Ground 7 are procedurally defaulted. (ECF No. 63.)

The Court otherwise has not entered a final judgment in this matter resolving all claims.

To recap, prior to the current motions, petitioner had abandoned Ground 1, and that ground had been dismissed without prejudice. (ECF No. 47, at 9.) Grounds 2, 3, 4 and 5 had been dismissed with prejudice as procedurally defaulted. (ECF No. 61, at 11.) Ground 6 remained before the Court as an unexhausted ground, with a pending directive to petitioner to seek appropriate relief with regard to that ground to avoid a dismissal of the entire petition under *Rose v. Lundy*, 455 U.S. 509 (1982). (ECF No. 61, at 11.) Ground 7 also, in part, remained before the Court as an unexhausted ground with such a pending directive; and the remaining exhausted portion of Ground 7 had been dismissed with prejudice as procedurally defaulted. (ECF No. 61, at 11.) Petitioner had abandoned Ground 8, and the ground had been dismissed without prejudice. (ECF No. 47, at 9.) Grounds 9 and 10 remained before the Court. (See ECF No. 52, at 4-5.)[1]

Prior to petitioner's motions, no final judgment has been entered in this matter as claims remained pending for disposition.

### *Discussion*

#### *Motion for Voluntary Dismissal*

Petitioner's motion for voluntary dismissal is self-operative, and the entire petition thus automatically stands as dismissed without the necessity of any further action by the Court.

Under Federal Rule of Civil Procedure 41(a)(1), a petitioner has an absolute right to voluntarily dismiss his action prior to service of an answer or a motion for summary judgment. The dismissal is effective on filing, and no court order is required. The filing of the voluntary dismissal automatically terminates the action. *See, e.g., Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). The respondents' filing of a motion to dismiss rather than a motion for summary judgment does not preclude a unilateral voluntary dismissal. *See, e.g., Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995).

A notice filed in the form of a motion has the same effect as a notice. *See generally* 9 C. Wright, A. Miller, M. Kane, *et al.*, *Federal Practice & Procedure* § 2363, at nn. 26-37 (3rd ed. 2005). Accordingly, motions for voluntary dismissal filed prior to an answer or summary judgment motion "are

---

[1] Respondents further sought the dismissal of a purported Ground 11. Petitioner maintained, however, that he presented no such ground; and the Court so construed the petition. (ECF No. 52, at 5.)

automatically granted." *Luna v. Kernan*, 784 F.3d 640, 643 (9th Cir. 2015)(habeas action).

The action therefore is dismissed. The Court will direct the Clerk to close the case. *Cf. Luna*, 784 F.3d at 643 (similar action on motion).

**COA Application**

The only question that remains is whether the Court should grant the application for a COA as to the prior interlocutory holdings as to Grounds 2, 3, 5, 6 and 7.

As discussed below, the Court denies a COA, first because it does not appear that appellate jurisdiction exists to review the prior interlocutory rulings herein and, second because a COA otherwise is not warranted under the applicable criteria.

**Appellate Jurisdiction**

With deference to the final authority of the Court of Appeals in matters concerning its own jurisdiction, it would appear that, following petitioner's voluntary dismissal of the entire petition, there is no jurisdiction on the pending appeal to review the district court's prior interlocutory rulings.

By the express terms of Rule 41(a)(1)(B), "[u]nless the notice . . . states otherwise, the dismissal is without prejudice." Petitioner's motion to dismiss does not state otherwise, and the voluntary dismissal accordingly would appear to be without prejudice under Rule 41(a)(1)(B). "Such a dismissal leaves the parties as though no action had been brought." *Wilson*, 111 F.3d at 692.

A voluntary dismissal of an entire petition without prejudice does not produce an appealable final judgment. *See, e.g., Concha*, 62 F.3d at 1507; *see also Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1342, *as corrected by* 773 F.2d 1049 (9th Cir. 1985)("Appellant cannot make a nonfinal order appealable by 'the simple expedient of taking a voluntary nonsuit and appealing.'").

The Ninth Circuit has held that a court may construe a voluntary dismissal without prejudice instead as a dismissal with prejudice, and that appellate jurisdiction over prior interlocutory holdings exists following such a voluntary dismissal with prejudice. *See, e.g., Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1065 (9th Cir. 2014) (a stipulated dismissal with prejudice is sufficiently adverse to the plaintiff's interests to allow plaintiff to appeal a prior interlocutory class action ruling); *Concha*, 62 F.3d at 1507-09 (construing an ostensibly "without prejudice" dismissal instead as a "with prejudice" dismissal in the circumstances presented).

1    However, the United States Supreme Court recently abrogated the Ninth Circuit authority on the jurisdictional issue. The Supreme Court's analysis and holding, albeit framed within the specific context of a prior interlocutory denial of class action certification, supports the conclusion that a voluntary dismissal of an entire action with prejudice does not produce an appealable final judgment by which prior interlocutory rulings in the action then can be reviewed. *See Microsoft Corp. v. Baker*, 137 S.Ct. 1702, 1712-15 (2017); *see also* 137 S.Ct. at 1716-17 (Thomas, J., concurring in the judgment); *Seidman v. City of Beverly Hills*, 785 F.2d 1447 (9th Cir. 1986) (stating, prior to subsequent apparently now abrogated authority distinguishing the case and limiting its holding, that a voluntary dismissal with prejudice deprived the court of appeals of jurisdiction to consider the appeal).[2]

Accordingly, with deference to the Court of Appeals' final authority in matters concerning its own jurisdiction, this Court denies a COA because it does not appear that jurisdiction exists on the pending appeal to review the prior interlocutory holdings in this action.

### *Consideration under Otherwise Applicable Factors*

Even if appellate jurisdiction is present, it does not appear that petitioner is entitled to a COA on the challenged interlocutory rulings.

When the district court denies relief on procedural grounds without reaching the underlying constitutional claims, in order to obtain a COA the petitioner must show that: (a) jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (b) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While both showings must be made, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485.

---

[2]*Cf. Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073 (9th Cir. 1994) (a plaintiff generally is not able to manufacture appellate jurisdiction by stipulating to a dismissal without prejudice of the remaining unadjudicated claims, but a plaintiff may be able to properly generate an appealable final judgment instead by an unqualified dismissal of the unadjudicated claims, as opposed to the entire action, with prejudice). The Court notes again that in the present action petitioner's voluntary dismissal of the entire petition automatically closes the action upon filing, depriving the Court of the ability to act further with regard to any potential alternatives to the completely self-operative full dismissal. In short, the voluntary dismissal of the entire petition is a *fait accompli*.

-4-

***Dismissal of Grounds 2, 3, and 5 as Procedurally Defaulted***

Jurists of reason would not find it debatable, under the second *Slack* criterion, whether the Court correctly dismissed Grounds 2, 3 and 5 as procedurally defaulted.[3] The Court considered the procedural default issue as to Grounds 2, 3 and 5 together because petitioner's ability to overcome the procedural default of Grounds 2 and 5 ultimately turned upon whether he could overcome the procedural default of Ground 3.

In Ground 2, petitioner alleged that he was denied a right to due process in violation of the Fifth and Fourteenth Amendments because the state district court allegedly lacked jurisdiction to revoke his probation and commit him to state custody without an original judgment of conviction existing at the time of the probation revocation hearing. (ECF No. 1, at 36-66.)

In Ground 3, petitioner alleged that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when defense counsel failed to verify that a judgment of conviction had been filed prior to advising petitioner to stipulate to the probation violations at the probation revocation proceeding. (ECF No. 1, at 67-73.)

In Ground 5, petitioner alleged that he was denied a right to due process in violation of the Fifth and Fourteenth Amendments when the state district court allegedly was biased in all rulings subsequent to the court discovering that it had revoked his probation without an original judgment of conviction previously having been filed, in an alleged effort to cover up the prior failure to enter judgment. (ECF No. 1, at 89-92.)

Petitioner raised these claims in his second state post-conviction petition, which was dismissed as untimely and an abuse of writ.

In holding that petitioner could not overcome the procedural default of these claims, the Court concluded, *inter alia*, with regard to the ineffective-assistance claim in Ground 3 that: (1) counsel at the parole revocation proceeding still technically was serving as trial counsel for purposes of a constitutional claim of ineffective assistance of trial counsel because an original judgment of conviction

---

[3]Petitioner seeks to set aside his Nevada state conviction, pursuant to a guilty plea, of attempt sexual assault. He is serving a sentence of 72 to 240 months. A general summary of relevant factual and procedural background is set forth in ECF No. 52, at 1-3.

had not been entered at that time; (2) petitioner initially could establish cause under *Martinez v. Ryan*, 566 U.S. 1 (2012), with regard to the failure to raise Ground 3 in his first state petition because he was not represented in that proceeding; and (3) petitioner could not establish, however, that Ground 3 was a substantial ineffective-assistance claim for purposes of *Martinez* because (a) the state supreme court held that the failure to file an original judgment of conviction after the original sentencing did not deprive the district court of jurisdiction to later impose a sentence of imprisonment and enter judgment, as the oral pronouncement at the original sentencing was not final and could be modified at any time; and (b) there thus was not a reasonable probability that there would have been a different result if counsel instead had determined that a judgment of conviction had not been filed prior to advising petitioner to stipulate to probation violations in connection with the proceeding. Petitioner therefore could not overcome the procedural default of Ground 3 because it was not a substantial claim, and he accordingly could not rely upon the procedurally defaulted ineffective-assistance claim in Ground 3 to overcome the procedural default of the related substantive claims in Grounds 2 and 5. (See ECF No. 61, at 5-9.)

In his COA application, petitioner urges that the Court erroneously concluded that Ground 2 presents a question of state law rather than a federal constitutional question under the Due Process Clause. (ECF No. 63, at 4 & 5-11.) Petitioner misapprehends the basis for the Court's ruling. The state supreme court's holding on Nevada law undercut petitioner's underlying premise – for, *inter alia*, the ineffective-assistance claim in Ground 3 – that the absence of an original judgment of conviction deprived the district court of jurisdiction to reimpose sentence and enter a judgment of conviction thereafter. The state supreme court of course is the final arbiter of Nevada state law. With regard to the federal case law relied upon by petitioner, the Court noted in the ruling that the inapposite cases did not establish that he was denied due process of law by the actions of the state district court with regard to sentencing and/or entry of judgment. (ECF No. 61, at 9 n.6.) Given that Ground 3 thus presents an insubstantial claim that is procedurally defaulted, petitioner cannot rely upon that ineffective-assistance claim in turn to overcome the procedural default of Grounds 2 and 5.

Petitioner continues his reliance upon inapposite federal case law in the COA application, relying upon, for example, *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936). In *Wampler*,

the Supreme Court held, *inter alia*, that a federal district court clerk could not, in a federal criminal proceeding, add a provision in the commitment forwarded to the federal penitentiary that was not included in the oral pronouncement of the presiding judge and the judgment of conviction. 298 U.S. at 461-66. The Court further held, under the precedents and procedures then in place in the 1930's, that the petitioner could challenge the clerk's added provision by a writ of habeas corpus notwithstanding the sentencing court's refusal to overturn the provision on a motion filed in the original proceeding. 298 U.S. at 466-67.

In the COA application, petitioner maintains that the state supreme court was bound by the following purported holding that he attributes, in quotes, to *Wampler:*

> Habeas corpus will not lie to discharge a prisoner for mere errors or irregularities in the form of the committment [sic] under which he is held, unless such defects render the committment [sic] void, in whole or in part, for want or excess of jurisdiction on the part of the committing court.

ECF No. 63, at 9.

There is no such language in Justice Cardozo's opinion in *Wampler*. The quoted language instead comes from the warden's principal brief in that matter. *See* 1936 WL 40162, at *1 & *20 (U.S., August 1936). More to the point, nothing in *Wampler* – which involves a factual scenario far afield from that in the present case – considered, much less established, any rule of federal constitutional law binding on the states in state criminal proceedings.

At bottom, a federal court opinion applying federal statutory law and federal criminal rules in relation to a federal criminal proceeding does not establish a constitutional due process holding binding on a state supreme court applying state law procedural rules in a state criminal proceeding. The Supreme Court of Nevada held that the failure to enter an original judgment of conviction immediately following the original sentencing did not prevent the state district court from later imposing sentence and entering judgment, and petitioner cites no apposite federal law requiring the state supreme court to hold to the contrary as a matter of federal constitutional law in the procedural posture presented. The state supreme court's holding thus completely undercuts the premise of these claims, including with respect to petitioner's claim of prejudice resulting from counsel's performance vis-à-vis Ground 3. The failure of petitioner to present a substantial claim in Ground 3 necessitates a conclusion that petitioner

cannot overcome the procedural default of that ineffective-assistance claim and thus, in turn, also of the substantive claims in Grounds 2 and 5.

Reasonable jurists thus would not find it debatable whether the district court correctly dismissed Grounds 2, 3 and 5 on the basis of procedural default.[4]  A COA therefore will be denied as to the dismissal of Grounds 2, 3 and 5.

***Interlocutory Holding That Ground 6 is Unexhausted***

Petitioner has failed to establish, under the second *Slack* criterion, that jurists of reason would find it debatable whether the Court correctly held that Ground 6 is unexhausted.  In Ground 6, petitioner alleges that he was denied a right to due process in violation of the Fifth and Fourteenth Amendments because he pleaded guilty unaware that there was no factual basis to either the original charges or to the charge to which he pleaded.  (ECF No. 1, at 93-108.)

The basis for the Court's holding is set forth in the prior order.  (See ECF No. 61, at 3-4.)  Petitioner presented no nonconclusory argument to the contrary in his opposition to the motion to dismiss, and he again presents no nonconclusory argument to the contrary in his COA application.  (See ECF No. 63, at 11-12.)  Petitioner has failed to present any specific argument tending to establish that jurists of reason would find the correctness of the district court's nonexhaustion ruling to be debatable.  A COA therefore will be denied as to the holding that Ground 6 is unexhausted.

***Interlocutory Procedural Holdings as to Ground 7***

With regard to Ground 7, a COA is not warranted because petitioner cannot establish, under the first *Slack* criterion, that jurists of reason would find it debatable whether Ground 7 states a valid claim of the denial of a constitutional right.

As backdrop, in Ground 7, petitioner alleged that he was denied due process because his

---

[4]Petitioner otherwise does not challenge in the COA application the Court's holding – separate and apart from its *Martinez* analysis – that petitioner failed to establish that a State-created impediment prevented him from learning that a judgment of conviction was not filed following the original sentencing (which initially suspended sentence for a fixed term of probation of five years).  (See ECF No. 61, at 6-7.)

Petitioner asserts that the Court's ruling herein is contrary to a ruling in a federal criminal proceeding in this Court in *United States v. Peila*, No. 2:12-cr-00009-LDG-PAL, but he neither identifies the ruling in question nor establishes how such a ruling would be binding in this habeas case with respect to a state district court's jurisdiction.

sentence was based upon materially untrue assumptions and mistakes of fact. (ECF No. 1, at 109-10 & ECF No. 1-1, at 1-25.) In granting the motion to dismiss, the Court held that: (a) Ground 7 was unexhausted to the extent that petitioner alleged that his sentence was based upon allegedly erroneous information in the presentence investigation report; and (b) Ground 7 was procedurally defaulted to the remaining extent that it was exhausted. (ECF No. 61, at 4-5 & 10.) Petitioner presented only minimal nonconclusory argument responsive to the motion to dismiss on these points.

In the COA application, petitioner again presents conclusory arguments that: (a) federal Ground 7, in its entirety, is the same claim as the claim in state Ground 2 in the first state petition and thus is exhausted; and (b) the portion that the Court held to be exhausted but procedurally defaulted was presented timely in that petition and therefore was not procedurally defaulted. (ECF No. 63, at 12-13, referring to ECF No. 15-3, Exhibit 65.)

The Supreme Court of Nevada held that the state district court properly denied state Ground 2 in petitioner's timely first petition under N.R.S. 34.810(1)(a) because the claims were not permissible in a post-conviction petition challenging a conviction based upon a guilty plea. (ECF No. 16-25, at 4; Exhibit 119.) Even if it were assumed, *arguendo*, that the state courts' application of N.R.S. 34.810(1)(a) did not conclusively bar any claims for purposes of the procedural default doctrine, the provision establishes that the claims in state Ground 2 were not presented via a procedural vehicle in which the claims would be considered. State Ground 2, in its entirety, thus exhausted no claims. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989) (presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim). Petitioner's reliance upon state Ground 2 to overcome the Court's rulings thus would establish, at best, only that the entire claim is wholly unexhausted.

However, based upon its own independent review of the record in connection with the COA application, the Court nonetheless would be inclined, if the action were in a different procedural posture, to hold that federal Ground 7 is wholly exhausted and not procedurally defaulted. The Court's independent review reflects that the substance of federal Ground 7 was fairly presented to the state courts and was adjudicated on the merits on petitioner's later motion to modify sentence. (See ECF No. 15-24, Exhibit 86; ECF No. 16-30, Exhibit 124.)

Petitioner's unilateral voluntary dismissal of the entire petition nonetheless precludes any *sua sponte* action by the Court at this point. As noted previously, such a dismissal leaves the matter "as though no action had been brought." *Wilson*, *supra*. While the Court's prior grant of a motion for reconsideration herein reflects its openness to revisit prior rulings in this action, petitioner's abrupt dismissal of the action in an effort to appeal prior interlocutory rulings takes the case out of a posture in which the Court can act further in this regard.

Regardless, petitioner cannot establish, under the first *Slack* criterion, that jurists of reason would find it debatable whether Ground 7 stated a valid claim of the denial of a constitutional right.

In Ground 7, petitioner alleged, in particular, that he was denied due process of law because the sentencing court allegedly improperly considered statements by the victim at the sentencing that she had been raped and references in the presentence investigation report to sexual assault despite the fact that he pled guilty only to attempt sexual assault. He alleges that the victim's sentencing statement and the presentence investigation report improperly "contradicted" the guilty plea agreement and that the victim's testimony thus constituted inadmissible parol evidence. (E.g., ECF No. 1-1, at 1-14.)

Due process did not bar consideration of such references following the plea. Prior to negotiating a plea, petitioner had been charged with sexual assault, first-degree kidnapping, administration of a drug to aid in the commission of a felony, and administration of a controlled substance to aid in the commission of a crime of violence. (ECF No. 13-7; Exhibit 7.) Petitioner thereafter waived a preliminary hearing per a plea negotiation pursuant to which he would plead guilty to attempt sexual assault after the case was bound over to the district court. (ECF No. 13-10; Exhibit 10.) Petitioner's written guilty plea agreement included a common provision that informed the defendant that the sentencing court's consideration would not be limited to solely the crime to which he entered a plea:

> I also understand that information regarding charges not filed, dismissed charges, or charges to be dismissed pursuant to this agreement may be considered by the judge at sentencing.

(ECF No. 13-18, at 5; Exhibit 18.)

Ground 7 thus is based upon the frivolous premise that due process prevented the sentencing court from considering information regarding the crimes with which petitioner originally was charged because he entered a plea to a lesser offense. The claim is based upon nothing more than erroneous

jailhouse logic and citation to inapposite precedent. Such a claim clearly does not "'deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).[5]

Petitioner accordingly cannot establish, under the first *Slack* criterion, that jurists of reason would find it debatable whether Ground 7 stated a valid claim of the denial of a constitutional right. A COA therefore will be denied as to Ground 7.[6]

**IT THEREFORE IS ORDERED** that petitioner's motion (ECF No. 62) to voluntarily dismiss the entire petition is automatically **GRANTED** pursuant to Rule 41(a)(1)(A), and the Clerk of Court is directed to **CLOSE** this action.

**IT FURTHER IS ORDERED** that petitioner's application (ECF No. 63) for a certificate of

---

[5] The same conclusion holds true for petitioner's remaining subsidiary and/or additional factual allegations in Ground 7. The Court notes, *inter alia*, that the subjective patient report and objective findings in the SANE examination report, which petitioner attached with his state court motion, were fully consistent with nonconsensual sex. (See ECF No. 15-24, at 83-84 & 85-87; Exhibit "E" to Exhibit 86.) Petitioner urges that a negative urine drug screen during that examination establishes that he did not use any "date rape" drug. (See *id.*, at 87.) However, the single sentence on that point in the report reflects neither the specific drugs that the screen would have detected nor the interval within which such "date rape" drugs could have been detected by such a urine screen. From the victim's statements, it appears that Gayler gave her two shots of Hennessy from cups that he supplied before they went into a restaurant on the evening of January 5, 2010. The SANE examination did not begin until 6:00 p.m. the following evening. (ECF No. 13-2, at 2-3; Exhibit 2.) The warrant declaration states that "date rape" drugs break down in the body in a short period of time. (*Id.*, at 3.) The declaration and the subjective history given during the SANE examination tend to reflect that the "date rape" drug related charges brought against petitioner were based upon circumstantial evidence arising from the circumstances in which Gayler gave the victim the two shots and the atypical reaction that the victim then experienced after drinking them. (See ECF No. 13-2, at 2-3, Exhibit 2; ECF No. 15-24, at 83 & 85; Exhibit "E" to Exhibit 86.) Petitioner's suggestion that the State conceded at the probation revocation hearing that no drugs were involved is baseless. The point made by the State at that hearing – that both a probation violation and the original offense involved alcohol use – included no express or implied concession that Gayler did not also administer a date rape drug during the incident. (See ECF No. 13-27, at electronic page 6; Exhibit 27.) Petitioner's suggestion to the contrary is frivolous.

Given that petitioner waived a preliminary hearing in connection with the plea negotiations, the State did not have the occasion to make a more expanded formal presentation of evidence that would have been presented had petitioner not opted instead to enter a plea. Clearly, however, his entry of a plea did not thereafter limit the sentencing court's consideration to strictly the offense to which he pleaded to the exclusion of information regarding the entire criminal episode with which he was charged. The sentencing court did not deny petitioner due process when it considered the victim's statement at the hearing (whether or not read from a previously prepared written statement) and the description of the criminal episode in the presentence investigation report. (Petitioner attached a copy of the report at ECF No. 15-24, at 42-50, Exhibit "B" to Exhibit 86.)

[6] Petitioner otherwise does not present any argument in the COA application with regard to the dismissal of Ground 4 as procedurally defaulted. (See ECF No. 61, at 4.)

appealability is **DENIED**. The Clerk shall prominently reflect in the docket entry for this order that the order also denies a certificate of appealability, and shall transmit a copy of this order to the Court of Appeals in connection with No. 18-15053 in that court.

Dated: January 22, 2018.

_____
ANDREW P. GORDON
United States District Judge